UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERICK NAVARRO GUILLEN, | No.  1:26-cv-00964-DAD-AC |
| Petitioner, | ORDER GRANTING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | (Doc. No. 18) |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

On February 10, 2026, the court converted petitioner's initial motion for a temporary restraining order into a motion for preliminary injunction and granted in part, ordering respondents to provide petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).  (Doc. No. 15.)  On February 20, 2026, respondents filed a notice of compliance (Doc. No. 17), and on February 23, 2026, petitioner filed a reply (Doc. No. 18), which the court construed as a second motion for temporary restraining order (Doc. No. 19). Petitioner's reply argues that the February 13, 2026 bond hearing provided was not adequate because the immigration judge stated at that hearing that petitioner has a criminal case pending against him in Idaho absent any evidence corroborating that statement.  (Doc. No. 18 at 2.)  As a result, petitioner requests a second bond hearing or release.  (*Id.*)

On February 25, 2026, respondents filed an opposition to petitioner's second motion for a temporary restraining order.  (Doc. No. 20.)  On February 26, 2026, the court directed petitioner

1

to file a reply addressing whether and to what extent petitioner had exhausted his administrative remedies (including requesting a second bond hearing from the lowest immigration court), whether the court should require petitioner to exhaust administrative remedies in this case, and what legal, rather than factual, error the immigration court committed.  (Doc. No. 21.)  Petitioner then filed four replies on March 10, 2026, April 6, 2026, April 21, 2026, and April 24, 2026.  (Doc. Nos. 23, 24, 25, 26.)  On April 23, 2026, petitioner received a renewed bond hearing, where the immigration court held that it did not have jurisdiction to make a bond redetermination.  (Doc. No. 26-1 at 1.)  Petitioner argues that "[f]urther exhaustion would be futile as the Board of Immigration Appeals follows *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)."  (Doc. No. 26 at 2.)

The court finds that petitioner's argument regarding the initial bond hearing concerns the immigration court's discretionary weighing of evidence, which cannot be reviewed by this court.  *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("[D]iscretionary decisions granting or denying bond are not subject to judicial review[.]").  Regardless, the petitioner may request a new bond hearing where "the alien's circumstances have changed materially since the prior bond redetermination."  8 C.F.R. § 1003.19(e).  Here, where the court previously determined that petitioner is detained pursuant to § 1226(a), (Doc. No. 15) (citing *Rangel v. Noem*, No. 1:26-cv-00084-DAD-CSK, 2026 WL 73996 (E.D. Cal. Jan. 9, 2026) ("detained under 8 U.S.C. § 1226(a)")), it is clear that the immigration judge erred as a matter of law at the April 23, 2026 bond hearing in concluding that the immigration lacked jurisdiction to provide an additional bond hearing.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1195 (9th Cir. 2022) ("As we will explain in greater detail, § 1226 (a)'s implementing regulations allow detainees to seek an additional bond hearing before an IJ whenever they experience a material change in circumstances warranting a redetermination of custody status.").

For the reasons explained above,

1.    Petitioner's motion for temporary restraining order (Doc. No. 18) is GRANTED IN PART as follows:

/////

2

    a. Respondents are ORDERED to provide petitioner (A-File No. 240-365-991) with an individualized determination from an immigration judge as to whether circumstances have changed materially pursuant to 8 C.F.R. § 1003.19(e) since the February 13, 2026 bond hearing within ten (10) days of the date of this order or, if no adequate bond hearing is conducted within that time, to immediately release petitioner[1];

    b. If an immigration judge finds or has found that circumstances have changed materially pursuant to 8 C.F.R. § 1003.19(e) since the February 13, 2026 bond hearing, respondents are ORDERED to provide petitioner with an additional individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this order or else immediately release petitioner;

    c. Petitioner's request for a temporary restraining order requiring respondents to immediately release him from confinement is DENIED without prejudice to its renewal if appropriate;

2. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Correctional Center; and

/////

/////

/////

/////

/////

---

[1] Concerns exist as to adequacy of the bond hearings provided petitioner on February 13, 2026 and April 23, 2026, following the filing of this habeas action. This order requires that another bond hearing be held at which petitioner is provided the process which is due him. If he is not provided such a hearing or if a hearing is provided that is constitutionally inadequate, the court wishes to make clear that in its view petitioner will be entitled to relief in the form of his immediate release.

4.   The parties are directed to meet and confer and, if possible, submit a joint proposed briefing schedule and hearing date with respect to any motion for a preliminary injunction no later than fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:   **April 29, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE